IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARDHYL NELE and DHURA LE NELE, | : | |
| h/w | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-07643 |
| THE TJX COMPANIES, INC., et al. | : | |
| | : | |

**SURRICK, J.**                                                    **JULY  1  , 2013**

**MEMORANDUM**

Presently before the Court is Plaintiffs' Motion to Remand.  (ECF No. 4.)  For the

following reasons, the Motion will be granted.

I.      **BACKGROUND**

On March 28, 2007, Plaintiffs Bardhyl Nele and Dhura Le Nele filed an Amended

Complaint in the Court of Common Pleas of Philadelphia County against Defendants Marshalls

Distribution Center ("Marshalls"), Philadelphia Authority for Industrial Development ("PAID"),

the City of Philadelphia, Liberty Property of Philadelphia Limited Partnership III, NBC

Philadelphia Merchants, Inc. ("NBC"), Liberty Property Trust, The TJX Companies, Inc.

("TJX"), T.J. Maxx, Marmaxx Distribution Center; Marmaxx Operating Corp. ("Marmaxx"),

and The Marmaxx Group (collectively, "Original Defendants").  (Am. Compl., Notice of

Removal Ex. A, ECF No. 1.)[1]

---

[1] At the time the Amended Complaint was filed, the City of Philadelphia, Liberty
Property Philadelphia Limited Partnership III, PAID, NBC, and Liberty Property Trust were all
"non-diverse" Defendants as citizens of Pennsylvania.  (Am. Compl. ¶¶ 5-11.)  All but NBC
were named due to an owner/occupier connection with the premises where the accident occurred.
(*Id.*)  Remaining Defendants Marmaxx and TJX are Delaware corporations with their principal

The Amended Complaint alleges that on December 9, 2004, while employed by one of the Original Defendants, Bardhyl Nele was catastrophically injured when his foot was crushed between a moving forklift under his operation and a stationary guide rail.  (Am. Compl. ¶¶ 24, 26.)  The resulting injury required emergency medical attention for broken bones and structural damage resulting in the partial amputation of Mr. Nele's foot.  (*Id.* at ¶¶ 26, 28.)  The Amended Complaint contains five Counts alleging negligence and other theories of liability.  (*Id.* at ¶¶ 27-53.)

Defendants Liberty Property Trust, Liberty Property of Philadelphia Limited Partnership III, Marshalls, Marmaxx Distribution Center, T.J. Maxx, and The Marmaxx Group filed motions for summary judgment that were granted by the Court of Common Pleas on November 21, 2008.  (Common Pleas Op., Notice of Removal Ex. B.)  On February 6, 2009, Judge Frederica Massiah-Jackson of the Court of Common Pleas denied the summary judgment motions of TJX and NBC.  (Notice of Removal ¶ 5.)  Defendants PAID and the City of Philadelphia entered into a Settlement and Release and were dismissed by stipulation on December 10, 2008.  (Defs.' Resp. 1, ECF No. 5.)  On February 17, 2009, Defendants TJX and NBC filed a petition for review in the Pennsylvania Superior Court.  (Notice of Removal ¶ 8.)  On April 5th, 2011, the Superior Court reversed that portion of the trial court's order denying summary judgment to NBC, the sole remaining non-diverse Defendant.  (Superior Court Op., Not. of Removal Ex. E.)  The court employed a "functional analysis" test to determine that TJX and NBC were not one company, and granted NBC summary judgment based upon tort immunity as Mr. Nele's employer.  (*Id.* at

---

places of business in Massachusetts and were named along with NBC due to a lack of clarity regarding the identity of Mr. Nele's employer.  (Pls.' Mot. Remand 1.)

15-16.)  While the Superior Court was considering the case, a Pennsylvania Workers'

Compensation Judge made findings of fact and conclusions of law holding that Marshalls was

Mr. Nele's employer of record and penalizing the employer for illegal self-help in changing their

name with the Bureau of Labor and Industry "in an effort to deprive Claimant of benefits."

(Workers' Comp. Op. 11, 13, Mot. to Remand Ex. F.)  On October 20, 2011, the Supreme Court

of Pennsylvania denied the Petition for Allowance of Appeal by TJX and NBC.  (Notice of

Removal Ex. F.)  Upon remand from the Superior Court to the Court of Common Pleas of

Philadelphia, TJX and Marmaxx Operating Group filed a Notice of Removal in this Court on

December 15, 2011.  They asserted that the timeliness of the Notice of Removal was impacted by

the Plaintiffs' fraudulent joinder of NBC.  (Not. of Removal ¶ 20.)  Plaintiffs filed the instant

Motion to Remand on January 12, 2012.  TJX and Marmaxx ("Defendants") responded on

January 26, 2012.  (Defs.' Resp.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1447(c), a case may be "remanded to state court on the basis of any

defect other than lack of subject matter jurisdiction within thirty days after the filing of the notice

of removal."  *Clerk v. Emerald Mktg.*, No. 10-1201, 2010 U.S. Dist. LEXIS 54555, at *3 (E.D.

Pa. June 2, 2010) (citing 28 U.S.C. § 1447).  It is well settled that "the Court must [ ] strictly

construe the removal statutes against removal and resolve any doubts in favor of remand."

*Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 604 (D.N.J. 2001) (citing *Boyer v. Snap-

On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)); *see also Steel Valley Auth. v. Union Switch

& Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).  When a motion to remand is filed, the

burden of "establishing that the federal court has jurisdiction and [that] the notice of removal was

3

timely filed" is on the defendant.  *Clerk*, 2010 LEXIS 54555, at *3-4 (citing *Boyer*, 913 F.2d at

111); *see also Rubino v. Genuardi's Inc.*, No. 10-6078, 2011 U.S. Dist. LEXIS 9735, at *6 (E.D.

Pa. Jan. 31, 2011).  The remand motion must be considered in light of the plaintiff's complaint

"at the time the petition for removal was filed."  *Steel Valley,* 809 F.2d at 1010.  The district

court must assume that all of the fact-based allegations of the complaint are true.  *Id.* (citing

*Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)).  The question for the Court is

one of jurisdiction rather than a decision on the merits of the case.  *Ingemi v. Pelino & Lentz,*

*P.C.*, 866 F. Supp. 156, 160 (D.N.J. 1994).

## III.   DISCUSSION

### A.     Parties' Arguments

Plaintiffs raise three principal arguments in support of their Motion to Remand.  First,

Plaintiffs contend that Defendants' Notice of Removal is untimely, as it was filed after the one-

year limitation period imposed by law and more than thirty days after the point at which

Defendants could have ascertained that the case was removable.  (Mot. to Remand 1, 17.)

Second, Plaintiffs argue that the inclusion of NBC as a non-diverse party in their underlying suit

was appropriate and as such, Defendants' fraudulent joinder argument should be rejected.  (*Id.* at

1.)  Third, Plaintiffs maintain that Defendants' conduct is merely intended to delay the

adjudication of this matter.  (*Id.* at 2.)

Defendants respond that their Notice of Removal is valid, arguing that the standard one-

year limit on removal is excused by Plaintiff's fraudulent joinder of NBC and the other

dismissed, settled, and fictitiously named initial parties to the matter.  (Notice of Removal ¶ 20.)

Defendants also argue that their Notice of Removal is within the required thirty-day time limit

because the case could not be removed until it was remanded to the Court of Common Pleas from the Superior Court on December 1, 2011.  (*Id.* at ¶ 18.)  Defendants contend that any delays in remand were caused by the fraudulent joinder of NBC, and other non-diverse Original Defendants dismissed from the matter in 2008.  (*Id.* at ¶ 20.)  Defendants contend that the Superior Court's granting of a motion for summary judgment for NBC is evidence that Plaintiffs had no colorable claim to assert against NBC from the outset.  (*Id.* at ¶¶ 20, 22, 23.)  In support of their argument, Defendants reference the Superior Court's decision  in their Notice of Removal, where the court found that NBC enjoyed tort immunity in this case pursuant to the Pennsylvania Workers' Compensation Act ("PWCA").  (*Id.* at ¶ 23.)

      **B.**    **Removal and Fraudulent Joinder**

      Removal of actions from state courts is governed by 28 U.S.C. § 1441.  Section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  For an action arising out of diversity jurisdiction, removal is not permitted "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

      Notice of diversity-based removal cannot be made more than one year after initiation of the action without a showing that "the Plaintiff has acted in bad faith in order to prevent a

defendant from removing the action."  28 U.S.C. § 1446 (c)(1).  In this context, "bad faith" can take the form of fraudulent joinder of a defendant to defeat diversity.  *Cook v. Pep Boys-Mannie, Moe & Jack, Inc.*, 641 F. Supp. 43, 46 (3d Cir. 1985).  The Third Circuit advises:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.  But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992)).  In the Third Circuit, the inquiry into proper joinder is less demanding than would be required for a claim to survive a motion to dismiss, *Batoff*, 977 F.3d at 852, or a motion for summary judgment, *Boyer*, 913 F.2d at 112.  "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'"  *Boyer*, 913 F.2d at 111 (quoting *Steel Valley*, 809 F.2d 1010, 1012 n.6).  This heavy burden of persuasion exists because the doctrine is "usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility.  Fraudulent joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant."  *West v. Mariott Hotel Servs., Inc.*, No. 10-4130, 2010 U.S. Dist. LEXIS 116923, at *5 (E.D. Pa. Nov. 2, 2010).[2]

---

[2] In *West*, the court identified a number of circumstances in which a finding of fraudulent joinder would be appropriate.  2010 U.S. Dist. LEXIS 116923, at *5-6 (citing *In re Brisco*, 448 F.3d at 219 (finding of fraudulent joinder appropriate where a party was included based on claims clearly barred by a statute of limitations); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (finding fraudulent joinder where a party was inappropriately joined based on claims barred by an automatic stay in bankruptcy); *Weaver v. Conrail, Inc.*, No. 09-5592, 2010 U.S.

In addition, "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  A party alleging fraudulent joinder must establish their argument with "clear and convincing evidence."  *Nobers v. Crucible, Inc.*, 602 F. Supp. 703, 705 (W.D. Pa. 1985) (citing *Parks v. New York Times, Co.*, 308 F.2d 474, 478 (5th Cir. 1962)); *see, e.g.*, *Ingemi*, 866 F. Supp. at 160 ("Defendants, however, have not presented evidence that plaintiff improperly joined the New Jersey defendants.  For example, defendants have not produced a formal agreement supporting defendants' characterization of Pelino & Lentz's role.  Without additional proof, the contours of Pelino & Lentz's role remain ill-defined and defendants' argument fails.").  A notice of removal based on fraudulent joinder must be filed within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Once a case is removed, the plaintiff may file a motion to remand based on a defect in removal or lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).

## C.    Legal Analysis

### 1.    *Fraudulent Joinder*

Defendants argue that the Pennsylvania Superior Court's summary judgment ruling in favor of NBC supports a finding that Plaintiffs' initial inclusion of NBC as a non-diverse party was a fraudulent joinder.  As discussed above, however, Defendants have a heavy burden of persuasion to establish by clear and convincing evidence that Plaintiffs did not have a colorable

---

Dist. LEXIS 69553, at *27 (E.D. Pa. July 12, 2010) (concluding that a non-diverse party was fraudulently joined where the defendant could provide unequivocal evidence establishing that it was not a proper party to the action)).

claim against NBC and that any claims against NBC were a clear legal impossibility. They cannot meet that burden. Defendants have failed to establish that the initial claims against NBC were not colorable. As the procedural history of this case at the state court level reflects, Plaintiffs' claim against NBC survived a review by the Court of Common Pleas, even when a number of other defendants were dismissed from the case. Then, in an eighteen-page opinion analyzing the relationship between parent corporations and wholly-owned subsidiaries in the context of workers' compensation liability, the Superior Court affirmed in part, reversed in part, and remanded the case, finding that NBC was Mr. Nele's statutory employer, and that summary judgment should have been granted for NBC, but was rightfully denied for TJX. (Superior Court Op. 17.) The thorough analysis by the Superior Court reflects that the issue of corporate liability was complex and that Plaintiffs' claim against NBC was certainly colorable when NBC was initially included as a party.

Defendants contend that Plaintiffs should have been aware that NBC was his employer and therefore not a party against whom Mr. Nele could recover through the PWCA. (Defs.' Resp. 9-10.) In doing so, Defendants rely on district court decisions denying remand to plaintiffs where the plaintiffs improperly included non-diverse employers in their employment suits. (*Id.* at 10 (citing *Cook*, 641 F. Supp. at 45, *Hogan v. The Raymond Corp.,* 777 F. Supp. 2d 906, 919 (W.D. Pa. 2011)).[3] These cases are easily distinguished because the identity of the employer in

---

[3] Defendants also cite to *Kane v. Waltrip*, No. 08-1883, 2009 WL 2997939, at *7 (M.D. Pa. Sept. 16, 2009). In *Kane*, the court found that joinder of the plaintiff's employer was not fraudulent based on an exception to the exclusivity rule of the PWCA, which permits employees to sue employers for fraudulent misrepresentations that may have caused aggravation of a work-related injury. *Id.* As such, *Kane* does not militate in favor of a finding of fraudulent joinder here.

those cases was not in dispute when the complaints were filed.

Unlike in *Cook* and *Hogan*, here, the issue of the identity of Mr. Nele's employer was unclear when Plaintiffs' first filed suit against Defendants.  As the record reflects, Mr. Nele's W-2 indicated that NBC was his employer, (Defs.' Resp. 5), yet his Bureau of Workers' Compensation documents reflected that Marshalls was his employer, (Workers' Comp. Op. 2, 11), and TJX held itself out as the employer of record in arguing tort immunity under the PWCA (Common Pleas Op. 3).  Moreover, Defendants added to the complexity of the precise determination of Mr. Nele's employer when they opted to change their name from Marshalls to NBC Philadelphia Merchants with the Bureau of Workers' Compensation as a result of this suit. (Mot. to Remand Ex. D.)  This change prompted a Workers' Compensation Judge to rule that Marshalls was liable as Plaintiffs' employer noting that the name change, "constitutes illegal self-help, in violation of the [PWCA], with its sole basis being to attempt to deprive Claimant of benefits that might accrue to him as the result of his civil action . . . . " (Workers' Comp. Op. 13 ¶ 35.)  This factual issue regarding the identity of Mr. Nele's employer prompted the Court of Common Pleas to find that Plaintiffs had enough of a colorable claim against NBC and TJX to survive summary judgment.  (Common Pleas Op. 4-5.)

We are satisfied that Defendants have failed to meet their "heavy burden of persuasion" to establish that Plaintiffs fraudulently joined NBC or any of the other non-diverse Defendants to defeat diversity jurisdiction in the federal courts.  The conflicting evidence as to the identity of Plaintiffs' employer allowed for the "possibility" that a state court would find that the Amended Complaint stated a cause of action, and, in fact, the Court of Common Pleas of Philadelphia actually *did* make such a finding.  (*Id.* at 5.)  At that juncture, Plaintiffs' joinder of NBC in this

suit could no longer be termed "fraudulent" or a "legal impossibility." *Batoff*, 977 F.2d at 851.

      2.    *Timeliness*

As discussed above, the removal statute contains a one-year diversity-based removal requirement.  28 U.S.C. § 1446(c).  In addition, once Defendants received any filing or documentation indicating that the case is removable based on fraudulent joinder, a notice of removal must be filed within thirty days.  *Id.* at § 1446(b)(3).  Defendants failed to file their Notice of Removal within the appropriate timelines.  Equitable tolling is inappropriate since we conclude that Plaintiffs' inclusion of NBC in their Amended Complaint was not in bad faith.  Accordingly, consistent with our finding that there was no fraudulent joinder of NBC, Defendants' Notice of Removal is untimely.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand will be granted.  An appropriate Order follows.

                                  **BY THE COURT:**

                                _____

                                **R. BARCLAY SURRICK**, **J.**